IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
MARY ANN INGRAM, as          )
Executrix of the Estate      )
of Ada Erle Church and       )
Personal Representative      )
of Ada Erle Church,          )
deceased,                    )
                             )
     Plaintiff,              )
                             )        CIVIL ACTION NO.
     v.                      )        2:15cv592-MHT
                             )           (WO)
WYETH, INC.; et al.,         )
                             )
     Defendants.             )
```

OPINION AND ORDER

This lawsuit combines a products-liability case against pharmaceutical manufacturers and a medica-malpractice case against physicians who prescribed the pharmaceutical to a patient who died after receiving it.  The case was removed from state to federal court by one of the pharmaceutical defendants based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441.  The defendant argued that plaintiff fraudulently joined the non-diverse medical

defendants.   Now   pending   before   the   court   are   the plaintiff's   motion   to   remand   and   the   pharmaceutical defendants' motion to sever.

In   a   removal   premised   on   fraudulent   joinder,   the removing   party   has   the   burden   of   proving   that   either: (1)   "there   is   no   possibility   that   the   plaintiff   can prove   a   cause   of   action   against   the   resident   (non-diverse)   defendant";   (2)   "there   is   outright   fraud   in the   plaintiff's   pleading   of   jurisdictional   facts";   or (3)   "a   diverse   defendant   is   joined   with   a   nondiverse defendant   as   to   whom   there   is   no   joint,   several   or alternative   liability   and   where   the   claim   against   the diverse   defendant   has   no   real   connection   to   the   claim against   the   nondiverse   defendant".     Triggs   v.   John Crump   Toyota,   Inc.,   154   F.3d   1284,   1287   (11th   Cir. 1998)   (citations   omitted).     "The   burden   of   the   removing party   [arguing   fraudulent   joinder]   is   a   'heavy   one,'" Crowe   v.   Coleman,   113   F.3d   1536,   1538   (11th   Cir.   1997) (citations   omitted),   and   "[t]he   defendant   must   make such   a   showing   by   clear   and   convincing   evidence."

2

<u>Henderson v. Washington Nat. Ins. Co.</u>, 454 F.3d 1278, 1281 (11th Cir. 2006).  "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." <u>Crowe</u>, 113 F.3d at 1538.

Here, the removing party does not argue that the first two types of fraudulent joinder apply, and the court finds that they do not.  Instead, the removing party travels only on the third type of fraudulent joinder: fraudulent misjoinder.  <u>See</u> <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).  The pharmaceutical defendants argue that the history of this lawsuit and a prior one plaintiff filed against them but dismissed shows that plaintiff joined the non-diverse physician defendants to this later case in an effort to defeat diversity jurisdiction.  While this may or may not be true, fraudulent misjoinder exists only where the joinder of non-diverse parties is

3

not authorized by Fed. R. Civ. P. 20.  <u>See</u> <u>Tapscott</u>, 77 F.3d at 1360.  Further, <u>Tapscott</u> clarified that "mere misjoinder" under Rule 20 is not sufficient for a finding of fraudulent joinder; to constitute fraudulent joinder, the misjoinder must also be "egregious."  <u>Id</u>.

The court agrees with plaintiff that this case should be remanded to state court because no misjoinder occurred.  Rule 20(a)(2) provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Here, plaintiff asserts 'alternative' theories of liability stemming from the same occurrence: the death of the decedent.  According to plaintiff's theory, either the diverse pharmaceutical defendants' failure to warn physicians of the dangers of their product caused the death or the non-diverse

**4**

physician defendants caused the death by improperly prescribing the product in spite of the pharmaceutical defendants' adequate warnings. Further, questions of law or fact common to all defendants are likely to arise in the action, including whether the pharmaceutical defendants adequately warned physicians of the alleged dangers of their products, and the cause of the decedent's death. Compare Ash v. Providence Hospital, 2009 U.S. Dist. LEXIS 12794 *29-42 (S.D. Ala. 2009) (Steele, J.) (in rejecting fraudulent-misjoinder argument, citing the cause of plaintiff's injury as a common question between products-liability claims against pharmaceutical defendants and malpractice claims against medical defendants who prescribed pharmaceutical defendant's product); cf. Stone v. Zimmer, Inc., 2009 WL 1809990, at *3-4 (S.D. Fla. 2009) (Hurley, J.) (finding fraudulent misjoinder of products-liability claims against hip-implant manufacturer with malpractice claims against physicians who, a year after implantation of hip implant by a

different doctor, failed to diagnose broken implant as cause of plaintiff's pain).

As joinder of plaintiff's claims is arguably permissible under Rule 20, the court does not reach the question of whether misjoinder was egregious, and finds no fraudulent misjoinder. Further, as the pharmaceutical defendants have not established fraudulent misjoinder, the court declines to exercise its discretion under Fed. R. Civ. P. 21 to grant their motion to sever.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that motion to sever (doc. nos. 15) is denied; that the motion to remand (doc. no. 17) is granted and; that, pursuant to 28 U.S.C. § 1447(c), and this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that any and all other pending motions are left for disposition by the state court after remand.

6

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 2nd day of November, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE